United States District Court
For the First Circuit

No. **05 cv 10474 GAO**

Ricardo Sampson
Petitioner,

| | |
|---|---|
| RECEIPT # | 62692 |
| AMOUNT $ | 500 |
| SUMMONS ISSUED | N/A |
| LOCAL RULE 4.1 | — |
| WAIVER FORM | — |
| MCF ISSUED | — |
| BY DPTY. CLK. | M.P. |
| DATE | 3/11/05 |

V.

Carmen Picknally
Assistant District Attorney
For the Commonwealth of Massachusett
Respondent,

MAGISTRATE JUDGE  RBC

Petition for Writ of Habeas Corpus
AD-Subjiciendum Against False
Imprisonment Under Illegal Federal Processes

Brief for Petitioner

Pro-se : R. Sampson
Ricardo Sampson
26 Long pond Rd
Pro-se"

# Table of Contents                                      page

Table of Contents _____ i, ii

Table of Authorities _____ i to iiiii

Statement of Jurisdiction _____ 1,2,3,4

Statement of Issue _____ 13 to 22

Statement of Case _____ 5,6

State of facts _____ 7 to 13

Argument _____ 13 to 22

Constitutional Claims Due Process _____ 4

Court Proceedings _____ 6,7


i. Three issue Presented _____ 5


A. Harmful error resulted from the
trial judge's refusal to instruct
the jury on an arrestee's use of
Self-defense against an officers
Use of excessive or unnecessary force ___ 18 to 22


B. Violation of the petitioner's Federal
Constitutional right to a Prompt
and Speed trial, Guaranteed by
the Sixth (6th) Amendment of US Constitution ___ 13 to 15


C. Police Misconduct by the arresting
officer (Michael White) _____ 15 to 18


relief Sought _____ 22

# Table of Contents

Certicate of Pro-se Counsel ———— 23, 24

Proof of Service ——————————— 25, 26

Exhibit ——————————————— A, B, C, D, E, F

Table of Authorities                                              page

## Cases Cited:

Magana - Pizano V Ins   152 F.3d 1213
1998   at page 1218 _____  2

Felker V. Turpin , 518 US, 651, 664/16,
S.ct. 2333 , 135 L Ed 2d 827 (1996) _____  2

Steward V. Martinez Villareal US___,
118 S. ct 1618, 1622, 140 LEd 2d 849
(1998) _____  2

Harris V. Nelson  394 US 291 _____  3

Frazier V. Garrison  Cite as 980 F. 2d
1514 (1993) _____  4

Barker V. Wingo  407 US 514, 92 S.ct.
2182 , 33, 4E 101 (1972) _____  15

McCain V. Scott. 9 F. Supp. 1365, 1371
72 GA. (1998) _____  16

US V. Thompson , 576 F. 2d 784, 786
(9th cir 1978) _____  17

Table of Authorities                           page

US V. Basurto, 497 F. 2d 781, 785-86
(9th cir 1974 ——————————————— 17

Commonwealth V. Paton, 31 Mass. App.
Ct. 460, 463 (1991)——————————— 18

Brown V US 41 Sct. 501, 256 US
335 (1921) ————————————————— 18

De-Groot V. US 78 F.2d 244, 251(1935)— 19

US V. Garner, 529 F.2d 962, 970
6th cir, cert. denied ——————————— 19

US V Garner, 426 US 922 1976 —————— 19

US V. Morton, 999. F.2d 435, 437
(9th cir 1993) ————————————— 19

Commonwealth V. Bastarache 383 Mass
86, 105 1980 ——————————————— 19

Commonwealth V. Alebord 40 Mass.
App. Ct. 915, 915-916 (2000) ——————— 20

Commonwealth V. Galvin 779 NE 2d
998, 56 Mass App Ct 698 (2002) ———— 20

iiii

Table of Authorities                    page

Commonwealth V Moreira, 388 Mass. 596, 601 (1983) _____ 20

Commonwealth V. Baseler, 419 Mass. 500, 503 (1995) _____ 21

Statute Rules:

Article 1, §9 Clause 2 _____ 1,2,3

Article 6, Clause 2 and 3 _____ 1

4th, 5th, and 14th Amendments _____ 1,4

Title 28 U.S.C. §§ 2241, 2243 _____ 1,22

GLC 265 §15 A (b) _____ 5,6

GLC. 265. § 18 (b) _____ 5,6

GLC 265 § 13 D _____ 6

GLc 90 § 25 _____ 6

Rule 1:28 _____ 7

Sixth (6th) Amendment _____ 14

i i i i i

Table of Authorities                    Page.

MGL. Chapter 277 §73 _____ 14

MGL Rule 36 _____ 14

United States District Court
District of Massachusetts

Ricardo Sampson          Habeas Corpus Action
Petitioner,              No: _____
V.
Carmen Picknally
Assistant District Attorney
For the Commonwealth of Massachusetts
Respondent,

Petition for Writ of Habeas Corpus AD·
Subjiciendum Against False Imprisonment
Under Illegal Federal Processes

Jurisdiction:

Jurisdiction of this Habeas Corpus
Federal Court is invoked pursuant to United
States Constitution, Article 1, §9 Clause 2;
Article 6, Clause 2 and 3; 4th 5th, and 14th
Amendments; Title 28 [U.S.C.] §§ 2241, 2243

〈Habeas Corpus〉
"The great purpose of the writ of habeas
Corpus is the immediate delivery of the
party deprived of personal Liberty, and
Hence it is Available on when Granting
the Writ

-1-  →

(Jurisdiction)

Would result in the Petitioner's immediate release from Custody." "PROMPT" "To act immediately," "Responding on the instant"

MaGana-Pizano V. I.N.S. 152 F.3d 1213 (1998) At page 1218 "The Suspension Clause provides that: "The privilege of the Writ of Habeas Corpus Shall Not be Suspended unless when in Cases of Rebellion or invasion the Public Safety may require it." U.S. Const. Article 1, §9, Clause 2."

"Although we assess the writ (of Habeas Corpus) which the Constitution Protects against Suspension "as it Exists today, Rather than as it existed in 1789, See: Felker V Turpin, 518 US. 651, 664; 116 S.ct. 2333, 135 L.Ed 2d. 827 (1996) Historical Perspective is important"

"Thus, Chief Justice Marshal implied a Duty upon Congress to provide for the writ (of Habeas Corpus) noting that," For if the means be not in existance, The Privilege itself would be Lost, Although No Law for its suspension Should be enacted. See: Steward V Martinez Villareal U.S. ___, 118 S.ct 1618, 1622, 140

(Jurisdiction)

L. Ed. 2d. 849 (1998) "It is Automatic that "The power to award the writ of Habeas Corpus by any of the Courts of the United States, Must be Given by written Law "( Scalia, J. dissenting)

Harris V. Nelson ___ US ___

The writ of habeas Corpus is the fundamental instrument for Safeguarding individual freedom against arbitrary [394 US 291] and lawless state action Its pre-eminent role is recognized by the admonition in the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be Suspended. US. Const, Art 1 § 9, cl 2. The scope and flexibility of the writ — its Capacity to reach all manner of illegal detention — its ability to cut through barriers of Form and procedural mazes- have always been emphasized and Jealously guarded by Court and lawmakers the very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of Justice within its reach are Surfaced and Corrected

-3-

(Jurisdiction)

footnote

"Habeas Corpus cuts through all forms and goes to the very tissue of the structure. [It] comes in from the outside ... and although every form may have been preserved open the inquiry whether they have been more than an empty shell."

## Constitutional Claims
## Due Process

See: Frazier V. Garrison Cite as 980 F2d 1514 (5th Cir 1993) The Fourteenth Amendment forbids government conduct that deprives "any person of Life, Liberty or property without due process of law" Due process has two major meanings: First, substantive due process may require courts to void certain types of government action that infringe on individual rights and individual freedom of action; Second, procedural due-process may require government to assure that individuals are afforded certain procedures before they are deprived of Life, liberty, or property

-4-

## Petition For Writ of Habeas Corpus

## Grounds Relied Upon For issuance of the writ

⟨ Three issue Presented ⟩

1. Harmful error resulted from the trial judge's refusal to instruct the jury on an arrestee's use of self-defense against an officer's use of excessive or unnecessary force

2. Violation of the petitioner's Federal Constitutional rights to a Prompt and Speedy trial, Guaranteed by the Sixth (6th) Amendment US Constitution

3. Police Misconduct by the arresting officer (Michael White)

ON November 25, 1998, the petitioner was arrested in the City of Springfield, Mass. He was Falsely Accused and Falsely Charged by officer Michael White of acts in violation of G.L.c 265, §18(b) armed assault with intent to Murder and violation of G.L.c 265 § 15A(b) assault and battery by means of dangerous weapon

-5-

and in Violation of G.L. c 265 § 13 D assault and battery on a police officer. and in Violation of G.L. c 90 § 25 Failure to Stop a motor Vehicle

## Court Proceedings Below

ON February 9, 1999, a Hampden County grand jury returned indictments charging Ricardo Sampson ("Defendant") with Armed assault with intent to murder in Violation of G.L. c 265 § 18 (b), assaul and battery by means of a dangerous weapon in Violation of G.L. c 265 § 15 a(b) assault and battery on a police officer in Violation of G.L. c 265 § 13 D. and Failure to Stop a motor Vehicle in Violation of G.L. c 90. § 25

The indictments were tried before the Superior Court Judge Judd. D. Carhart, from November 30, 2000 to December 1, 2000. The jury returned a Verdect of not guilty on the charge of armed assault with intent to murder and verdicts of guilty on the charges of assault and battery by means of a dangerous weapon, assault and battery on a police officer. and failure to stop for a police officers

-6-

On the charge of assault and —
— battery by means of a dangerous weapon
the defendant was sentenced to three to
five years incarceration in state prison
On the charge of assault and battery on
a police office he was sentenced to
two years in the House of Correction to
run concurrent with the sentence on
assault and battery by means of dangerous
weapon. The charge of failure to stop
for a police officer was place on file.

The defendant was represented At
trial by Attorney Robert Gordon, of
Springfield; The Commonwealth by
Carmen Picknally, Assistant District
Attorney. After timely notice of Appeal,
the appeal from the judgments was
entered on the docket of the Appeals
Court February 7, 2002. On October 10, 2003
the Appeals Court issued a Memorandum
and Order. Pursuant to Rule 1:28 in
which it affirmed the Convictions.
Defendant applied for Further
appellate review on Nov 4, 2003.
"Judgments Affirmed" (Exhibit F)

## Statement of Facts

The convictions in this case are based on

-7-

an incident November 25, 1998, between the
defendant and a Springfield police
officer named Michael White, who
risigned from the police Force about six
months after this incident.

A year or two before this incident
Officer white had threatened "To get"
the defendant. On that occasion, Mr
Sampson was standing in front of his
cousin's business and officer White
assaulted the defendant and threw him
against the wall saying "You look like a
guy who would rob a lady of her ring
at a convalescent home." At that time
Mr Sampson did not know his assailant
was a police officer, so he "Flashed the
person off" When he realized that the
man was an officer, he froze. Officer
White said he was "going to get him"
Later, Mr. Sampson learned that officer
White was known in the area as "Robocop
and that officer had a serious psychiatic
problems

ON the evening of November 25, 1998,
officer white was driving a marked
police cuiser in the Mason Square Section
of Springfield. Officer Richard Ward was
with him. The officers observed an

automobile traveling north on Eastern
Avenue in excess of the speed limit.
They stoped the car, pulled the cruiser
up behind it, and got out of the
Cruiser. As they approached the car
on foot, it sped away. The officers
got back in the cruiser and pursued th
Car across Wilbraham Road and
State Street and into the driveway
of Rebecca Johnson School. Ricardo
and two other's fled the car. Michael White
testified that he chased Mr. Sampson
on foot for about three blocks. He
said he grabbed the defendant, threw
him to the ground, and wrestled with
him. He said the defendant was combative
flailing his arms, punching kicking
and screaming. He said he was on one
knee, attempting to turn the defendant
over onto his Stomach, and the defendant
was on his back, tilted to the side, facing
the officer, when the officer felt several
blow to his left side. Michael White
Said he sprayed Mr. Sampson with to
short burst of pepper spray and he
became compliant. Michael White
admitted that he was angry at the
defendant. Michael white said that as

-9-

he had the defendant Stand up, he heard
Something on the ground and saw a
large buck Knife with a blunt tip,
which the officer seized. He then
too Mr Sampson back to the cruiser
          Michael White testified that after
the defendant had been place in the cruiser,
he felt a pain in his left Side and
Officer Ward pointed out some holes ir
the left Side of his Uniform shirt. Michae
White was not a police officer at the
time of trial. Officer white was wearing
a bullet proof Vest under his shirt,
which Consisted of a canvas vest into
which two pieces of Kevlar are
slipped, one in the front and one in the
back. There was Cut in the Canvas
Covering. Michael White testified
that there were no marks on the Kevlar
itself, but Officer Ward said there was
mark on the Kevlar. Officer Ward did
not see the Knife until Officer White
brought it back to the Cruiser.
     Noted:
     Kevlar will not protect the wearer
from the impact of a Knife. It protects
the wearer from a spinning projectile
(like a bullet) by dispersing the force

of the impact throughout the entire area of the Vest.

Ricardo Sampson testified on his own behalf. On November 25, 1998, he was in a car on Eastern Avenue talking with two men from whom he was buying marijuana. When they saw the cruiser, the men jumped into his car and suggested that he drive around the block. When the cruiser began to follow his car, Mr. Sampson fled because he did not have a driver's license and because one of the men had marijuana.

The defendant stopped his car in front of the Rebecca Johnson School and ran down Bowles Street, with Officer White in pursuit. He said he stopped because Officer White threatened to "blow some holes in his fucking legs" if he did not stop running. Officer White told the Mr. Sampson to kneel down and lay forward, and put handcuffs on him, hurting his shoulder.

Officer White picked the defendant up off the ground while he was hand cuffed and his shoulder was hurting. The defendant was upset and called him

"Every name in the book Officer White
brought the defendant's hands high enough
up to hurt him. He picked the defendant
off the ground and sprayed pepper
spray (which the defendant called 'mace'
in his eyes while he was hand cuffed
The officer walked the defendant toward
the cruiser with the defendant in a
bent over position with his hands
above his head and his face close to
the ground. The officer said, "I told
you I was going to get you". The
officer brought Mr. Sampson to the
cruiser, searched him, and took his
Knife out of his Jacket pocket.

The Knife was a work Knife, with a
tip had been blunt before that day
The defendant had carried the Knife
for more than seven years. The defendant
denied taking the Knife out while he
was on Bowles street and said he
Never tried to use the Knife on Officer
White. As the defendant was placed in
the cruiser, he complained about his
eyes burning from the pepper spray.
Officer White Knew that cool air has
a soothing effect on the pain And
discomfort caused by pepper spray
Mr. Sampson said the temperature

inside the cruiser was 75 to 80 degrees and Officer White rolled up the windows, turned the heat on and left him in the cruiser for about 15 to 20 minutes. His eyes were burning and he felt Miserable. Michael White testified that a back window in the cruiser was open, but Officer Ward acknowleged that both the back windows and the front windows were closed, and the heat was on.

While the officer's attended the the towing of the defendant's car, the defendant was banging his head against the window of the cruiser to get Officer Ward's attention, yelling, "YO, open the damm window I am suffocating in here," Mr. Sampson said that officer White open the back door of the cruiser and sprayed his face again with the pepper spray.

## ⟨ Argument ⟩

### I

⟨ Violation of the petitioner's Federal Constitutional rights to a Prompt and

-13-

<u>Speedy trial, Guaranteed by the Sixth
6<sup>th</sup> Amendment US Constitution)</u>

The prosecutors and the court judges,
intentionally Delayed the public trial
until the passing of (2) years in Violation
of the petitioner's Federal Constitutional
Right to a Prompt and Speedy trial,
Guaranteed by the Sixth 6th Amendment,
US Constitution, the trial Court Lost
Criminal Jurisdiction over the case after
the passing of (6) months Mass Gen.
Law. Chapter 277 § 73
    The recorded Days of Delay was
[735] Days. Under the Federal Supreme
Court decision's, the [B]urden was on
the prosecutors to bring the case forward
within the 180 Days from the Date of
Arrest of the petitioner, they did
not perform their duties as the laws
Mandates
    Lets go to the State Statue Mass.
R. Crim P. 36 "The defendant is entitled
to dismissal of indictment due to the
Failure of the Commonwealth to try him
within one year after the return date
in Court.
    Generally, the right to a speedy trial

attaches and computation of the delay begins when you are arrested or when you are arraigned on an information or indictment, whichever occurs first. IN: <u>Barker V. Wingo</u> 407 US 514, 92 S.Ct. 2182, 33 L.Ed 101 (1972 the Supreme Court identified Four factors which a court should consider on case-by-case basis to determine whether there has been a denial of the right to a speedy trial. These factors are (1) the length of the delay (2) the reason for the delay. (3) the defendant's assertion of or failure to assert the right to a speedy trial. and (4) the presence of absence of prejudice to the defendant from the delay. Although none of these factors has any "talismanic qualities," they are interrelated and "must be considered together with such other circumstances as may be relevant in the "difficult and sensitive balancing process" by which a court determines whether your speedy trial right has been denied.

II < <u>Police Misconduct by the arresting officer (Michael White)</u> >

The Law Regarding the eight Amendment. Generally, there are three basic types of Eighth Amendment Claims. (1) excessive force (2) deliberate indifference to Serious medical needs, and (3) conditions of Confinement. See: generally McCain Vs Scott, 9 F. Supp. 1365, 1371-72 GA. (1998)

The Petitioner claim Officer White used excessive force See Exhibit (A) "A year or two before this incident, Officer White had threatend "To get" the defendant See Exhibit (B) Michael White admitted that he was angry at the defendant Exhibit (C) Officer White threatened to "blow Some holes in his Fucking legs" Exhibit (C) Officer White brought the defendant's hands high enough up to hurt him He picked him up off the ground and Sprayed pepper Spray (which the defendant called "mace") into his eyes while he was hand cuffed. The officer (White) walked him toward the cruiser with the defendant in a bent over position, with his hands above his head and his Face Close to the ground. The officer Said," I told you I was going to "get you." Exhibit D. Officer White Knew that cool

air has a soothing effect on the pain and discomfort caused by pepper Spray. Mr Sampson Said the temperature inside the cruiser was 75 to 80 degrees and Officer White rolled up the windows, turned the heat on and left him in the Cruiser for about 15 to 20 minutes. His eyes were burning and he felt miseable. Defendant was trying to get the officer's attention, yelling, "Yo, open the dam window. I am Suffocating in here" Mr Sampson said that Officer white open the back door of the cruiser and sprayed his face again with the pepper Spray. Exhibit (A) Mr. Sampson was standing in front of his cousin's business and officer White grabbed him and threw him against the wall

&lt;Perjured Testimony&gt;

The Knowing presentation or use of perjured testimony before a jury should invalidate the indictment and merit a dismissal See: <u>US V. Thompson</u>, 576 F.2d 784, 786 (9th Cir. 1978); US V. Basurto, 497 F.2d 781, 785-86 (9th Cir 1974) SEE: Exhibit (E) "<u>Michael</u> White testified that <u>there</u>

-17-

were no marks on the Kevlar
Exhibit (E) Officer Ward said there was
a mark on the Kevlar
Exhibit (D) Michael White testified that
a back window in the cruiser was open
Exhibit (D) Officer Ward acknowledged
that both the back windows and the
front windows were closed, and the heat
was on.

III < It was prejudicial Error to
refuse to instruct the jury on an
Arrestee's right to use Self-defense
against an officer's use of Excessive
or Unnecessary force. >

Defense counsel asked the judge to
instruct the jury regarding self-defense.
The judge declined to give this instruction
The failure to so instruct the jury
constituted harmful error. < State Law >
    "A criminal defendant is entitled
to an instruction on the law relating
to self-defense including the common-
wealth's burden of proof on the issue
if the evidence, viewed in the light most
favorable to the defendant. See:
Commonwealth V. Paton, 31 Mass. App. Ct. 460
463 (1991) also See: Brown V. United States

-18-

41 S.ct. 501, 256 US. 335 (1921)
⟨ Federal Law ⟩

Generally, a defendant is entitled to
a self-defense instruction if he produces
some evidence concerning the Justification
for a homicide or an assault. De Groot
V. US, 78 F.2d. 244, 251 (1935) See: US V.
Garner, 529 F.2d. 962. 970 (6th Cir), cert.
denied, 426 US 922 (1976) (defendant need
only present some evidence on theory
of self-defense to warrant instruction)
Even where the Evidence leaves "little
room" for a self-defense claim. US V.
Morten, 999. F.2d 435, 437 (9th Cir 1993)
When the force used is deadly force,
an instruction is warranted where the
evidence, taken in the light most
favorable to the defendant, shows the
defendant had a reasonable belief that
he was in imminent danger of death
or serious bodily harm and that no
other means will suffice to prevent such
harm. Commonwealth V. Bastarache, 383
Mass. 86, 105 (1980)

To be entitled to an instruction about
self-defense by non-deadly force, the
evidence, taken in light most favorable

to the defendant, must warrant reasonable apprehension by the defendant that he (1) is in danger of personal harm; (2) can avoid personal harm only by resort of force; (3) attempted to avoid physical combat or was unable to do so before resorting to force; and (4) used only the force necessary in the circumstances. Commonwealth V. Alebord 40 Mass. App. Ct. 915, 915-916 (2000). SEE: Commonwealth V. Galvin 779 NE.2d 998, 56 Mass. App. Ct 698 (2002) Citing "the court was required to instruct the jury on use of nondeadly force in self-defense.

The rules pertaining to self-defense have particular application in cases where a police officer is alleged to have used excessive force in his attempt to subdue the defendant. Even if an arrest is lawful, if excessive or unnecessary force is used to subdue an arrestee, the arrestee may defend himself by employing such force as reasonably appears to be necessary. Commonwealth V. Moreira, 388 Mass 596, 601 (1983)

The questions whether the officer used excessive force and whether the arrestee used reasonable force to resist

-20-

... the excessive force are questions of
... fact to be resolved by the jury on
... proper instruction. The fact finder
... should be instructed to determine
... whether the arrestee conduct was
... reasonable in light of all the circumstances

In his opening statement defense
... counsel raised the self-defense issue,
... telling the jury that any aggressive
... actions by the defendant were justified
... because they were taken "in self defense"
... in order to protect himself from
... the inappropriate and unnecessary
... conduct of Mr. White" The judge's
... refusal to give the requested
... instruction effectively foreclosed
... counsel from arguing this theory
... to the jury in closing.

"Where evidence exists, from
... whatever source, to support a defendant's
... claim that he used nondeadly force
... in self-defense, he is entitled to
... an instruction on the use of non-deadly
... force in self-defense. <u>Commonwealth
... V. Baseler</u>, 419, Mass. 500, 503 (1995)

In this case, both the Commonwealth
... and the defendant agreed that Officer
... White had sprayed Mr. Sampson with
... Pepper spray. The Commonwealth

Presented evidence of a struggle, with the defendant flailing his arms, punching, kicking and screaming, and was forced to bend over, with his hands above his head and his face close to the ground. From this evidence, the jury could easily have accepted the officer's testimony that the defendant had engaged in a struggle with him but could have found that the struggle ensued after the officer used excessive force, hurting the defendant's shoulder, and spraying him with mace, and forcing him into a contorted position. Given an instruction on self-defense, the jury could have reasonably concluded that the defendant used force, but that the force was reasonable to resist the excessive force used by the officers.

On the charge of assault and battery by means of a dangerous weapon, the jury were instructed that the Commonwealth was required to prove beyond a reasonable doubt that the defendant touched Michael White "without having any right to do so." Absent an instruction regarding what factors constituted a right to do so, the jury could not have found beyond a reasonable doubt that the Commonwealth had proved this element. Likewise, on the

charge of assault and battery on a police officer, the jury were instructed that the Commonwealth was required to prove beyond a reasonable doubt that the battery was committed "without justification or excuse" Absent an instruction regarding what factors constituted a justification or excuse, the jury could not have found beyond a reasonable doubt that the Commonwealth had proved this element. By refusing to give an instruction on self-defense, the trial judge removed from the jury an essential fact-finding function.

## ⟨Relief Sought⟩

Wherefore, Petitioner Ricardo Sampson moves this Honorable Court to grant the following relief.

a. Accept jurisdiction over this case pursuant 28 USC. § 2241, 2243

b. Require the respondent to answer the allegations in this Petition and the Brief in Support;

c. Hold such evidentiary hearing as

this Court may deem necessary or appropriate.

d) Issue an order that this Court will grant a Writ of Habeas Corpus unless the State holds a new trial within a specified time;

e.) Issue a Writ of Habeas Corpus freeing Petitioner from his Unconstitutional Confinement

Date: 0308-05

Respectfully Submitted

R. Sampson.

Ricardo Sampson
Petitioner
26 Long pond Road
Plymouth, Ma. 02360

## Certificate of Pro-se Counsel

Ricardo Sampson, pro-se, hereby Certifies that the statements of fact in the accompanying Petition and Brief are true to his Knowledge,

-24-

and that statements made on information
and belief are true to the best of his
Knowledge and belief

Date: 03-03-05                    Respectfully Submitted

                                 R. Sampson
                                 Ricardo Sampson
                                 26 Long pond Rd
                                 Plymouth, ma. 02360