United States District Court
District of Massachusetts

Ricardo Sampson          Habeas Corpus Action
Petititioner,            No:
V
Carmen Picknally
Assistant District Attorney
For the Commonwealth of Massachusetts

## Motion For Appointment of Counsel

Petitioner, Ricardo Sampson, A 37773828, is a native and citizen of (Kingston) Jamaica. He's in custody of Department of Homeland Security, ("DHS/ICE" hereinafter) in the United States, but has been ordered removed to his country of origin by an Immigration Judge. Petitioner's removal order is final.

On March __, 2005, Petitioner filed Petition for writ of habeas corpus ad subjiciendum against false imprisonment under illegal federal processes. Petitioner states that he does not understand, fully, the legal mambo-jambo and would like this Court to appoint an experienedd attorney to represent him in his habeas Corpus

-1-

proceedings. Petitioner vows that he is an indigent person and cannot financially afford to retain counsel to represent him. Moreover, Petitioner states that counsel is need in order to assist him adequately in presenting his claim.

## Court Should Exercise its discretion to Appoint Counsel

Assuming, arguendo, that a Petitioner has shown financial need, a District Court may appoint counsel in a habeas corpus proceeding under 18 USC § 2241 when the "interest of Justice so requires" 18 USC § 3006 A (a)(2)(B). Courts have often examined three major elements when determining whether the appointment of Counsel is necessary: (1) The likelihood of success on the merits. (2) The complexity of the legal issues involved in the case, (3) the ability of the Petitioner to present the case in light of its complexity. See, e.g. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. (1983); Saldina v. Thornburgh, 775 F. Supp. 507, 511 (Dist. Conn. (1991)

In the instance case, Petitioner was, on

-2-

November 25, 1998, the Petitioner was arrested in the City of Springfield, Mass. He was Falsely Accused and Falsely Charged by officer Michael White of acts in Violation of G.L.c 265, § 18(b) armed assault with intent to Murder and Voilation of G.L.c 265 § 15A(b) assault and Battery by means of a dangerous weapon. and in Violation of G.L.c. 265 § 13D assault and battery on a police officer and in Violation of G.L.c. 90 § 25, Failure to stop a motor Vehicle.

&lt;Three issue are Presented&gt;

1. Harmful error resulted From the trial judges refusal to instruct the jury on an arrestee's use of self-defense against an officer's use of excessive or unnecessary force.

2. Violation of the petitioner's Federal Constitutional rights to a Prompt and Speedy trial, Guaranteed by the Sixth (6th) Amendment US. Constitution

3. Police Misconduct by the arresting officer (Michael White).

Moreover, Petitioner will precariously encounter a great deal of difficulty in presenting his previously filed habeas corpus petition without the help of the counsel. THE House Reports on the predecessor to § 3006A (a)(2)(b) recognized that habeas corpus proceedings often present "serious and complex issues of law and fact" that would necessitate the assistance of counsel. H.R. Rep. No 1546, 91st Cong. 2d Sess. (1970)

In addition, the Congressional report on § 3006 (A)(2)(b) stated that a court <u>Should</u> appoint counsel when "necessary to insur a fair hearing." Id. The complexity of Petitioner's habeas corpus proceedings will pose a great obstacle if Petitioner proceeds pro se.

In light of the complicated issues involved in habeas corpus cases and Petitioner's inability to adequately present the case at bar, as well as Petitioner's likelihood of success on its merits, this Court should exercise its discretion to appoint counsel under 18 U.S.C. § 3006A (a)(2)(b).

<u>Appointment of Counsel is Necessary Because Discovery is imperative</u>

- 4 -

The rules governing habeas proceedings require the appointment of counsel in certain circumstance. The rules cited in Section II and III typically govern those habeas corpus cases brought under § 2254. However, these similar rules may be applied to habeas cases that do not fall under § 2254 -- such as those arising under § 2241 -- at the discretion of the Court. Rule 1(b), 28 U.S.C. foll. 2254. Under Rule 6(a), 28 U.S.C. foll. 2254 "necessary for effective utilization of discovery procedures". The government has information relevant to Petitioner's habeas petition and without the assistance of counsel, Petitioner will not be able to effectively pursue the discovery and, as a result, will not be able to adequately present his claim. The aid of an experienced attorney is especially important given the Petitioner's lack of familiarity with legal procedures involved in requesting, obtaining and executing the discovery.

### An Evidentiary or Motions Hearing May be Necessary

Under Rule 8(c), 28 USC foll 2254, the Court is required to appoint counsel in a Habeas corpus proceeding if an evidentiary hearing is need. An evidentiary hearing will likely be necessary in this Case. Regardless of any other issue, if an evidentiary hearing is scheduled, the court must appoint Counsel for the petitioner.

For all the aforementioned reason, this court should appoint counsel to assist Petitioner in the instant Habeas Corpus proceeding challenging Petitioner's unlawful conviction by the Commonwealth of Massachusetts.

Date: 03-08-05

Respectfully Submitted

R. Sampson

Ricardo Sampson
26 Long pond Rd
Plymouth, Ma. 02360